IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILBUR-ELLIS COMPANY LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSH GOMPERT, AARON PETERSEN, JAMES KUNZMAN, and CHAD MUELLER,<br><br>　　　　　Defendants. | **8:21CV340**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendants' Motion to Quash or for Temporary Protective Order. ([Filing No. 106](#)). Specifically, Defendants ask the court to quash the subpoena and deposition notice served on Defendants' current employer, J.R. Simplot ("Simplot") and order Plaintiff not to further contact Simplot without first seeking leave of the court or otherwise showing cause why Simplot's involvement is warranted. As explained below, the motion to quash will be granted in part and denied in part. The motion for protective order will be denied.

BACKGROUND

Plaintiff Wilbur-Ellis Company LLC ("Wilbur-Ellis") alleges four of its former employees, Defendants (Josh Gompert, Aaron Petersen, James Kunzman, and Chad Mueller (collectively, "Defendants"), engaged in a concerted effort to unfairly compete with Wilbur-Ellis as they secretly commenced work for [competitor J.R. Simplot Company] and solicited Wilbur-Ellis's customers, employees, and business for their own benefit, despite continuing to be employed by and collect paychecks from Wilbur-Ellis." ([Filing No. 79](#), citing [Filing No. 74](#)). They alleged the

defendants unlawfully used trade secrets and other confidential and proprietary information.

The background of this case has been discussed in orders previously entered by this court. (Filing Nos. 31, 73, 79, 85, 89, and 101). After the undersigned's June 7, 2023 order (Filing No. 101) and in response to an email inquiry from Plaintiff (Filing No. 108-2 at CM/ECF p. 10), the court clarified that the depositions anticipated and discussed during a telephone conference with the court (Filing No. 91, audio recording) were not limited to party depositions. The parties conferred and a new deposition deadline was set for October 31, 2023. (Filing No. 104).

Counsel for Defendants contacted the court on August 18, 2023, requesting assistance in response to the August 16, 2023 30(b)(6) deposition subpoena served on non-party Simplot. (Filing No. 108-2 at CM/ECF p. 52). Counsel for Plaintiff responded. (Filing No. 108-2 at CM/ECF p. 53). The undersigned advised "I am not available for the remainder of today. The deposition will not go forward until the court rules on any motion to quash the deposition subpoena. That motion must be filed on or before 5:00 p.m. on Monday, August 21, with any response due on or before Wednesday August 24. No reply shall be filed." (Attachment). A text order was entered to that effect.  (Filing No. 105).

The pending motion was filed on August 21, 2023. The current issue centers on the Rule 30(b)(6) subpoena served on Simplot. (Filing No. 107-2). The parties have previously litigated the proposed deposition of Simplot under Fed. R. Civ. P. 45 and NECivR. 45.1, however Plaintiff argues the current subpoena requires only the appearance of a corporate deponent at the deposition, not any inspection or document production.

ANALYSIS

I.      Standard of Review

District courts have broad discretion to limit discovery and decide discovery motions. Blackmore v. Union Pac. R.R. Co., No. 8:21CV318, 2022 WL 3718115, at *5 (D. Neb. Aug. 29, 2022) citing Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993). And a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. Vishay Dale Elecs., Inc. v. Cyntec Co., No. 8:07CV191, 2008 WL 5396675, at *1 (D. Neb. Dec. 23, 2008). As the Supreme Court has stated, because discovery rules should " 'be construed to secure the just, speedy, and inexpensive determination of every action' ... judges should not hesitate to exercise appropriate control over the discovery process." Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999) (quoting Herbert v. Lando, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) and Fed.R.Civ.P. 1).

The court reviews the parties' positions under Federal Rule of Civil Procedure 26. Rule 26 defines the scope of discovery as "any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. . ." Discovery that is unreasonably burdensome, cumulative, or outside the scope permitted by Rule 26(b)(1) should be limited by the Court. See, Fed. R. Civ. P. 26(b)(2)(C). Fed. R. Civ. P. 26(c) permits a party to request, and upon a showing of good cause, the court to enter an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Blackmore at * 6.

II.     Local Rules

Citing Nebraska Civil Rule 7.1(j), Plaintiff argues the motion must be denied because Defendants failed to meet and confer with Plaintiff before the motion for protective order was filed. The parties have been litigating Plaintiff's requests to obtain information from Simplot through various discovery processes for over a year. (See Filing No. 54; Filing No. 56-2). In contacting the court by email on August 18, 2023 (Attachment 1), Defendants represented that they were willing to meet and confer, but the relief they sought was more immediate than the typical discovery conflict.

In response to the parties' emails, the undersigned advised that the 21cv3deposition would not go forward pending the resolution of any motion to quash. Given the current posture of this case, and the fact that issues related to obtaining documents and testimony of Simplot have been addressed by the court repeatedly over the course of the last year[1], it was not unreasonable for Defendant to seek counsel from the court because prior efforts to meet and confer about various issues had failed. Similarly, it was not unreasonable or impermissible for Defendants to file the instant motion, because the undersigned expressly permitted it. The motions will not be denied for failure to follow the Local Rules.

III.    Motion to Quash 30(b)(6) Notice

Federal Rule of Civil Procedure 30(b)(6) allows a party to notice or subpoena the deposition of a corporation and requires the requesting party to "describe with reasonable particularity the matters for examination." The named organization is then required to designate one or more representatives to testify as to the areas

---

[1] See Filing No. 54 (Motion to Overrule Defendant's Objections to the Proposed Third-Party Subpoena); Filing No. 74 (Objection to the undersigned's December 15, 2022 order denying Wilbur-Ellis's motion to overrule objections to the Simplot Subpoena); Filing No. 79 (Memorandum and Order overruling Plaintiff's objections).

4

specified. The persons designated by the organization are required to "testify about information known or reasonably available to the organization." Id.

Defendants move to quash the Rule 30(b)(6) subpoena of Simplot, arguing the subpoena is a thinly veiled document request – as the categories of information Plaintiff seeks from Simplot incorporate many of the same topics from the Rule 45 subpoena previously disallowed. Defendants argue Plaintiff has not shown cause why Simplot needs to be involved, and that Plaintiff's subpoena for Simplot's corporate testimony is an attempt to end run the notice requirements in Fed. R. Civ. P. 45 and 45.1. (Filing No. 106 at CM/ECF p. 2).

A. Standing

Plaintiffs again argue that Defendants lack standing to object to subpoenas served on third parties. (See Filing No. 73 at CM/ECF p. 5). To the extent Defendants object to the subpoena as being unduly burdensome or inconvenient, the court agrees with Plaintiff. Id. citing Streck Inc. v. Research & Diagnostic Sys., Inc. No., 8:06-cv-458, 2009 WL 1562851, at *3 ("[Plaintiff] does not have standing to lodge objections to the issuance of nonparty subpoenas to 'protect' the non-party from undue burden, inconvenience, and the like.").

But an adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested. Streck, Inc., 2009 WL 1562851 at *3; Mawhiney v. Warren Distribution, Inc., No., 8:05-cv-466, 2007 WL 433349 at *1, (D.Neb., Feb. 7, 2007), aff'd, 283 Fed. Appx. 424, 2008 WL 2682583 (8th Cir., July 10, 2008). And courts have repeatedly found that an individual "possesses a personal right with respect to information contained in employment records, and thus has standing to challenge such a subpoena." Cruthis v. Vision's, No., 4:12-CV-00244-KGB, 2013 WL

5

6332679, at *1 (E.D. Ark. Dec. 5, 2013) (citing Barrington v. Mortage IT, Inc., 07–61304–CIV, 2007 WL 4370647 (S.D.Fla.2007) (collecting cases)).

The court previously found the Defendants had standing to object to the proposed Rule 45 subpoena on the basis of relevance and to assert a personal right or privilege. The same reasoning applies to the Rule 30(b)(6) subpoena at issue in this case.

B.  Topics Requesting Testimony Regarding Documents

Topics numbered 9, 10, 11, 12, and 16 specifically request testimony regarding documents and files in Simplot's possession.

Rule 30(b)(6) clearly states that the party requesting the deposition must describe with "reasonable specificity" the topics to be discussed. Topics must be stated with enough specificity to allow the corporation to designate and prepare a representative to testify. Edwards v. Scripps Media, Inc., 331 F.R.D. 116, 121 (E.D. Mich. 2019). A corporation's ability to reasonably designate and prepare its witness is impeded when the topics of inquiry are not "reasonably particular." Alvey v. State Farm Fire & Cas. Co., No. 517CV00023TBRLLK, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018). See also, Fed. Ins. Co. v. Delta Mech. Contractors, LLC, No. CA 11-048ML, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013).

When reviewing Plaintiff's Rule 45 request for production of documents the undersigned previously found it could not "fairly analyze what is relevant because Plaintiff has not adequately identified its allegedly misappropriated trade secrets." (Filing No. 73, affirmed by Filing No. 79). This court did not allow the Rule 45 subpoena to issue as to Simplot because the items requested were not identified with sufficient particularity.

While Plaintiff argues it is not seeking production of documents (Filing No. 108 at CM/ECF p. 6), the testimony it now seeks regarding documents often runs parallel to the requests the court previously deemed irrelevant. (See Chart, Filing No. 107-3 at CM/ECF pp. 1-4). This court has previously admonished Plaintiff to "strictly limit its subjects of inquiry to facts relevant to resolving the legal issues presented, and to refrain from exploring how Plaintiff's competitor (and Defendants' currently employer), Simplot, operates its business." (Filing No. 101 at CM/ECF p. 4). The undersigned has also observed that Plaintiff has "done little to precisely identify the documents or trade secrets allegedly taken by Defendants." (Filing No. 101 at CM/ECF p. 3).

Plaintiff cites no evidence that in the time since this court's ruling on the Rule 45 document subpoenas it has done anything to further identify or narrow the generic categories and definitions which Plaintiff alleged are trade secrets. However, during a call with the undersigned April 18, 2023, Plaintiff noted that since the undersigned's prior ruling, it had filed a First Amended Identification of Trade Secrets (Filing No. 91, audio file, citing Filing No. 87). Oddly, neither party references this document in relation to the pending motion, and the deposition topics do not specifically include any of the file names listed in their identification of trade secrets.

Upon review, the Rule 30(b)(6) deposition subpoena is another broad attempt to determine what, if anything, Defendants took from Wilbur Ellis. It requests information beyond the documents identified in the First Amended Identification of Trade Secrets. (See Filing No. 87; Filing No. 107-2 at CM/ECF pp. 6-11). Asking Simplot, a nonparty, to provide Rule 30(b)(6) testimony about any and all documents from or pertaining to the Defendants encompasses irrelevant information. Whether served on an opposing party or a third party, Plaintiff's topics for corporate testimony must, with reasonable particularity, be limited to

7

information that is relevant to this case. Deposition Topics 9, 10, 11, 12, and 16 will be quashed.

### C. No Specific Objection

Defendants did not submit a separate brief in support of its motion. While this is not specifically required under the Local Rules because this issue is at the court's discretion, the court will only consider those issues which are specifically raised in the motion or in support of the motion. (See 7.1(a)(1)(B)). Defendants did not include topics 3, 6, 8, 13, 14, 15, and 17 in their Chart Comparing Subpoena Topics (Filing No. 107-3 at CM/ECF pp. 1-4), and make no specific argument about these topics. So, Plaintiffs will be permitted to depose a representative of Simplot on these topics. However, as previously stated, Plaintiffs are not permitted to use this order as permission to dive into how its competitor operates its business. (Filing No. 91, audio file at 45:30). Counsel's deposition questioning must be limited to only information that the individual defendants allegedly took and used or misused during their employment at Simplot and information relating to work performed by Defendants for Simplot while they were still employed with Wilbur-Ellis. (Filing No 91, audio file, at 47:20).

The motion to quash will be denied as to topics 3, 6, 8, 13, 14 ,15, and 17. However, where the topics request testimony for "any time prior to September 1, 2021," that time period will be limited to the January 1, 2021 to September 1, 2021 time frame.[2]

---

[2] The Deposition Notice states "4. If a topic is silent as to the time span, then the answer shall be given for a time period from January 1, 2021, until the present." It appears that Plaintiff would agree that January 1, 2021 is a sufficient time frame prior to the Defendants' employment.

D. Miscellaneous Topics

Deposition Topics 1, 2, 4, 5, and 7 refer to the recruitment, hiring, and employment of Defendants, including communications it had with Defendants while they were still employed with Plaintiff. Topic 7 asks for testimony of all "[c]ommunications involving Defendants or any other employee, agent, contractor, or representative of Simplot" about Wilbur-Ellis' clients and contractors. This topic is not reasonably particular and it encompasses irrelevant information. It will be limited to Simplot's communications with Defendants only. (Filing No. 107-2 at CM/ECF p. 9).

With the same admonition prohibiting inquiry into how Simplot conducts their business, the motion to quash will be denied as to Deposition Topics 1, 2, 4, 5, and 7, subject to the limitations set forth herein.

IV. Protective Order

Protective orders prohibiting depositions are rarely granted, generally unfavorable, and unusual absent extraordinary circumstances. See Hawkins v. Cnty. of Lincoln, No. 7:10CV5001, 2012 WL 12884563, at *2–3 (D. Neb. Apr. 5, 2012) (quoting Frideres v. Schiltz, 150 F.R.D. 153, (S.D. Iowa 1993)); see also Raml v. Creighton Univ., No. 8:08CV419, 2009 WL 3335929, at *2 (D. Neb. Oct. 15, 2009) ("A motion seeking to prevent the taking of a deposition is regarded unfavorably by the courts, and it is difficult to persuade a court to do so."). Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

9

Under Rule 26(c) the court may forbid certain discovery disclosures, specify terms and methods for discovery disclosure, limit the scope of discovery or inquiries, and protect confidential information. Simplot has not objected to the subpoena, and, barring any valid objection made later by Simplot, Plaintiff will be permitted to conduct a Rule 30(b)(6) deposition regarding the facts surrounding the recruitment, hiring, and employment of Defendants, including communications it had with Defendants while they were still employed with Plaintiff.

Defendants argue that the court should prevent Plaintiff from involving Simplot in this lawsuit because it is detrimental to their livelihood, and Plaintiff's actions amount to harassment. Defendants ask the court to order Plaintiff not to further contact Simplot without first seeking leave of the court or showing cause why their involvement is warranted. The court has determined that Simplot may be deposed as to certain topics, and Rule 30(b)(6) includes a requirement that a nonparty organization confer and designate each person who will testify. Therefore, Defendants' motion to prevent Plaintiff's further contact with Simplot will be denied. (See 30(b)(6) and the Advisory Committee's Note regarding the 2020 Amendment).

In a previous brief, Defendants cited case law where a former employer was not entitled to receive discovery directly from a current employer if the party had agreed to provide all relevant information himself. See Filing No. 59 at CM/ECF p. 17, n. 3, citing Graham v. Casey's Gen. Stores, 206 F.R.D. 251, 255 (S.D. Ind. 2002). Defendants herein assert a personal right to limit the adverse impact on their current job caused by subpoenaing Simplot to testify. If the defendants can and will provide the information requested in the Rule 30(b)(6) Deposition Topics to Plaintiff, Plaintiff's deposition subpoena to Simplot would be duplicative and subject to being quashed. But based on the record currently before this court, there

is no indication that Defendants have agreed to provide information to Plaintiffs and thereby avoid the need to depose Simplot.

As a final note, the court received an email yesterday indicating the parties cannot communicate cooperatively to set depositions. Unfortunately, the discovery process herein has become the litigation rather than the means of preparing for litigation. The court will engage if necessary to keep the case moving, but it should not have to. Rather, the parties should communicate in a professional manner and avoid the need for additional court intervention.

IT IS ORDERED:

1) Defendant's Motion to Quash is granted in part as described herein. ([Filing No. 106](#)). Simplot shall produce a representative in accordance with the contested Rule 30(b)(6) Subpoena to Testify at a Deposition.

2) Defendant's motion for protective order is denied.

Dated this 15th day of September, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge